# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
BEN AMMONS,

     Plaintiff,

v.                                    CV 2:22-039

SYNCHRONY BANK,

     Defendant.
```

## ORDER

Before the Court is Defendant Synchrony Bank's motion for judgment on the pleadings.  Dkt. No. 32.  The motion has been fully briefed and is ripe for review.  See Dkt. Nos. 33, 35.

## BACKGROUND

Plaintiff alleges claims against Defendant for the reporting of negative information to credit bureaus.  Dkt. No. 15 at 1.  Plaintiff alleges he "does not owe the Defendant any money" because he "paid the entire balance" of the subject account before Defendant published information to the credit bureaus.  Id.  Plaintiff has demanded that Defendant "correct these false allegations," but his demands have been "refused and/or ignored."  Id. at 2.  Plaintiff alleges that, as a result of Defendant's false allegations, he has been unable to utilize credit.  Id.

Plaintiff brings three claims against Defendant, including claims for defamation (Count I), breach of contract (Count II),

and violation of the Fair Credit Reporting Act ("FCRA") (Count III).  Id. at 3-4.  In its motion for judgment on the pleadings, Defendant moves to dismiss only Plaintiff's defamation claim as pre-empted by the FCRA.  Dkt. No. 32.  Plaintiff opposes the motion.  Dkt. No. 33.

## LEGAL STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (quotation marks omitted) (quoting Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)).  "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." Id. (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).

## DISCUSSION

The FCRA protects consumers from having inaccurate information about their credit status circulated to credit reporting agencies.  Pickney v. SLM Fin. Corp., 433 F. Supp. 2d 1316, 1318 (N.D. Ga. 2005) (internal citations omitted). Furnishers of information to credit reporting agencies have a duty to, among other things, investigate disputed information and

2

report the results of these investigations to credit reporting agencies. Id. The FCRA contains two preemption provisions, §§ 1681h(e) and 1681t(b)(1)(F). Section 1681t(b)(1)(F) applies to "furnishers" of credit information to credit reporting agencies, like Defendant.[1]

Section 1681t(b)(1)(F) provides, "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F). The subject matter under § 1681s-2 includes a prohibition against furnishers providing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Plaintiff alleges that Defendant acted willfully and in bad faith by providing false and defamatory information to credit reporting agencies. Dkt. No. 15 at 2. This conduct falls within § 1681s-2 as it implicates

---

[1] Plaintiff has not alleged that Defendant is a consumer reporting agency or user of information that took adverse action against him. Instead, Defendant is a furnisher of information. Accordingly, § 1681h(e) is not applicable to the facts of this case. Howard v. DirecTV Grp., Inc., No. CV 109-156, 2012 WL 1850922, at *7 (S.D. Ga. May 21, 2012) (citing Knudson v. Wachovia Bank, 513 F. Supp. 2d 1255, 1259-60 (M.D. Ala. 2007)). Because those provisions do not apply, the Court finds no conflict to be resolved with the plain language of § 1681t(b)(1)(F). Id. The Court must therefore apply the plain language of the preemption provision in § 1681t(b)(1)(F) to this case. Id.

Defendant's responsibility as a furnisher of information to consumer reporting agencies. As such, it is clear that § 1681t(b)(l)(F) preempts Plaintiff's defamation claim. See Howard v. DirecTV Grp., Inc., No. CV 109-156, 2012 WL 1850922 (S.D. Ga. May 21, 2012) (holding that § 1681t(b)(l)(F) preempts Plaintiff's state law defamation claim).

Taking the allegations of Plaintiff's amended complaint as true, Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002), Defendant was merely a "furnisher" of "false" information to the credit reporting agencies. See Howard, 2012 WL 1850922, at *7. As such, Defendant's conduct in reporting and/or validating negative information on Plaintiff's credit report clearly falls under the FCRA preemption provision set forth in § 1681t(b)(1)(F). See Daley v. JPMorgan Chase & Co., No. 1:13-cv-03387, 2014 WL 12115909, at *4 (N.D. Ga. May 19, 2014) (dismissing multiple state-law claims, including a defamation claim, as preempted by § 1681t because they "all relate to defendants' alleged malicious reporting of false information to credit reporting agencies"); Blackburn v. BAC Home Loans Servicing, LP, No. 4:11-cv-39, 2012 WL 4049433, at *6 (M.D. Ga. Sept. 13, 2012) (any "claims based on allegations that [defendant] reported inaccurate credit information to credit bureaus clearly arise from conduct regulated by § 1681s-2" and was thus preempted by the FCRA).

## CONCLUSION

The FCRA preempts Plaintiff's defamation claim.  Accordingly, Defendant's motion for judgment on the pleadings as to Plaintiff's defamation claim, dkt. no. 32, is **GRANTED,** and Count I of Plaintiff's amended complaint is **DISMISSED.**

**SO ORDERED,** this 4th day of April, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA